## BLAIR and others *v.* WALKER and others.[1]

*(Circuit Court, E. D. Missouri.* January 11, 1886.)

RAILROAD MORTGAGES—DECREE AND SALE IN FORECLOSURE SUIT—EFFECT UPON RIGHTS OF PARTIES WHO HAVE ESTABLISHED LIENS IN STATE COURTS—RECEIVERS—JURISDICTION.

The sale of railroad property under a decree of this court in a foreclosure suit cannot bar the enforcement of judgments of state courts establishing statutory liens against the property, where the judgment creditors have sought to intervene in the foreclosure proceedings, but have had their petitions dismissed without prejudice, even where such judgments have been recovered during the pendency of the foreclosure suit, and while the property was in a receiver's hands, and without making such receiver a party.

In Equity. Motion for injunction.

The complainants allege in their bill that they purchased all the property and franchises of the St. Louis, Hannibal & Keokuk Railroad Company, December 8, 1885, when the same were sold under a decree of this court in the foreclosure suit of *Blair v. St. Louis, H. & K. R. Co.*, and are still the owners thereof; that during the pendency of said suit, and while said property was in the hands of a receiver appointed by this court, judgment was recovered against said railroad in a suit brought in the circuit court of Pike county, Missouri, by James S. Walker and William Van Ness; that said receiver was not made a party to said suit, and that an intervening petition filed in said foreclosure suit by said judgment creditors, asking that their judgment be declared a lien on said company's property, was dismissed; but that, notwithstanding the action of this court in entering its decree under which said sale was made, and in dismissing said intervenor's petition, an execution has been issued upon said judgment, and the sheriff of said county has levied upon property sold to complainants under said decree, and has advertised the same

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

for sale. Wherefore, the complainants ask that such sale be restrained by an injunction.

For the facts concerning said intervening petition, see 25 Fed. Rep. 2.

*Walter C. Larned* and *Theodore G. Case,* for complainants.

TREAT, J. The plaintiffs, being non-residents, have a right jurisdictionally to institute this proceeding. It is claimed that such right exists also in consequence of a decree of this court in *Blair* v. *St. Louis, H. & K. R. R.,* (case No. 2,301,) 25 Fed. Rep. 232, causing the sale of the property of which the plaintiffs were the purchasers.

The defendants in this case were not, under the proceedings had, parties to said suit, and consequently not bound thereby. They sought by intervention to become parties, to which objections were made, and the court dismissed their intervention without prejudice, thereby remitting their rights to the state court, wherein their judgment had been entered. The validity of said judgment is not assailed in this bill filed. On what ground, then, is an injunction sought against said judgment and the process issued thereon? Certainly it is a mistake to suppose that the decree of this court concluded the rights of those not parties thereto. The language of the decree cannot be construed to cover more than what the law permits. Besides, the records of this court show that, instead of passing upon the force and effect of the judgment in question, this court, under objections made, determined expressly that whatever was done in this tribunal should be subject to that outstanding controversy.

If, then, the judgment of the state court is valid, how can these plaintiffs invoke an order to enjoin the same. Under the acts of congress, and ordinary rules in equity, plaintiffs have no standing for this motion. Motion denied.